UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TALAT MOHAMED KABIL, | ) | 1:08-cv-00281-OWW-SMS-PC |
| Plaintiff, | ) | |
| | ) | ORDER GRANTING MOTION FOR RECONSIDERATION |
| v. | ) | (Doc. 11.) |
| DONNY YOUNGBLOOD, et al., | ) | ORDER AFFIRMING ORDER DENYING APPOINTMENT OF COUNSEL |
| | ) | (Doc. 10.) |
| Defendants. | ) | |

Plaintiff, Talat Mohamed Kabil ("plaintiff") is a former prisoner proceeding pro se with a civil rights action under 42 U.S.C. § 1943. On May 1, 2008, plaintiff filed a motion for reconsideration of the court's order denying plaintiff's motion for appointment of counsel.

**I.   MOTION FOR RECONSIDERATION**

Motions to reconsider are committed to the discretion of the trial court. Combs v. Nick Garin Trucking, 825 F.2d 437, 441 (D.C.Cir. 1987); Rodgers v. Watt, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). The Local Rules provide that when filing a motion for reconsideration, a party show that the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."  Local Rule 78-230(k)(3).

Plaintiff's motion to appoint counsel, filed March 20, 2008, was brought on the grounds that he is incapable of handling the complexities of this case and does not have any source of income to retain counsel.  (Doc. 6.)  The court denied the motion for appointment of counsel without prejudice on April

1

3, 2008. (Doc. 10.) In his motion for reconsideration, filed May 1, 2008, plaintiff restates his inability to litigate and also states that he is subject to removal proceedings and may be deported, which would make it difficult to communicate with the court, conduct discovery, and work with his witnesses. (Doc. 11.) Based on these new circumstances, the court shall reconsider its order denying appointment of counsel.

As the court previously informed plaintiff, plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525. Without a reasonable method of securing and compensating counsel, the court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

Plaintiff maintains that he filed the complaint because he suffered extreme pain from a physical assault in which defendants used excessive force. He also alleges defendants denied him medical care for his injuries and he was often harassed and threatened by officers at the prison. Plaintiff clearly brings serious allegations against defendants. However, notwithstanding the serious allegations, the court cannot make a determination at this stage of the proceedings that plaintiff is likely to succeed on the merits. The court has not yet screened plaintiff's complaint to determine whether it states cognizable claims, as required by 28 U.S.C. § 1915A.  Even if it is assumed that plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This court is faced with similar cases almost daily.

Plaintiff argues that he is unable to articulate his claims. Based on the record of this case, the court does not find that plaintiff is unable to make himself understood in writing.

     Plaintiff's argument that his deportation will make it more difficult to litigate this action has merit. The court acknowledges that litigation from afar makes it difficult to communicate with the court, conduct discovery, and prepare witnesses. Moreover, it appears that plaintiff has indeed been deported, as shown by his August 14, 2008 notice of change of address to a street address in Egypt. (Doc. 12.) However, the difficulties caused by plaintiff residing in Egypt would not be resolved by appointment of counsel in California at this stage of the proceedings. Plaintiff would still face difficulties communicating from afar, and discovery is not yet open in this action. Thus, the court does not find good cause at this time to modify its order denying appointment of counsel.

     Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration is GRANTED; and
2. The court's order of April 3, 2008, denying appointment of counsel without prejudice, is AFFIRMED.

IT IS SO ORDERED.

**Dated:   September 3, 2008**          **/s/ Sandra M. Snyder**
                                                    UNITED STATES MAGISTRATE JUDGE