# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TALAT MOHAMED KABIL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>DONNY YOUNGBLOOD, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:08-cv-00281-OWW-SMS PC<br><br>ORDER PERMITTING AMENDMENT AND/OR SUPPLEMENTATION OF COMPLAINT<br><br>(Doc. 3) |

　　　　Plaintiff Talat Mohamed Kabil, a former federal prisoner proceeding *pro se* and in *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983, filed a fifteen-count complaint on February 27, 2008. In the course of its initial screening of Plaintiff's complaint pursuant to 28 U.S.C. § 1915A(a), this Court discovered the complaint to be incomplete. Although the pages have been sequentially numbered, paragraph numbers are not sequential and, in some instances, pages appear to have been omitted. In addition, although the complaint incorporates exhibits by reference, no exhibits were found to be attached to the filed complaint. Accordingly, this Court has determined to provide Plaintiff with an opportunity to amend and re-submit his complaint in a complete form.

　　　　**Screening Requirement.**  Pursuant to 28 U.S.C. § 1915A(a), this Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from

1

such relief.  28 U.S.C. § 1915A(a)b)(1),(2).  "Notwithstanding any filing fee, or portion thereof, that may have been paid, the Court shall dismiss the case at any time if the Court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

**Applicable Standard of Pleading.**  This Court will not speculate regarding which facts Plaintiff intends to support which constitutional claims.  If Plaintiff chooses to amend or supplement the complaint, as he is permitted to do pursuant to this order, he must correlate his claims for relief with the factual basis underlying each one, demonstrating how the conditions of which he complains have resulted in each deprivation of Plaintiff's constitutional rights.  To accomplish this objective, Plaintiff may find it helpful to reorganize his complaint to set forth each claim individually, followed by the relevant supporting allegations.  Organizing the complaint in this way may also assist Plaintiff in identifying and removing irrelevant or unnecessary factual allegations and duplicative or unsupported causes of action.  By simplifying and shortening his complaint, Plaintiff will enable the Court to evaluate his claims and the facts supporting each one.  Plaintiff's amended complaint may not exceed twenty-five pages.

Plaintiff is encouraged to focus on the standard set forth in Fed. R. Civ. P. 8(a).  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions.  Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002).  Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a).  "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Swierkiewicz, *supra*, 534 U.S. at 512.  A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.  Id. at 514.  "'The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.  Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" Jackson v. Carey, 353 F.3d 750, 755 (9th Cir. 2003), *quoting* Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); *see also* Austin v. Terhune, 367 F.3d 1167, 1171 (9th Cir. 2004) ("'Pleadings need

suffice only to put the opposing party on notice of the claim . . . .'"), *quoting* Fontana v. Haskin, 262 F.3d 871, 977 (9th Cir. 2001).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n. 9 (1989).  "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997), *quoting* Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982).  Although Plaintiff is not required to append exhibits to his amended complaint, if he chooses not to do so, he must remove those portions of the complaint incorporating various exhibits by reference.

**Linking Defendants with Claims.**   Plaintiff must tie each defendant's actions to the specific harms that he is alleged to have caused to Plaintiff.  Section 1983 provides:

> Every person who, under color of [state law] . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

Section 1983 plainly requires an actual connection or link between each defendant's actions and the harm allegedly done to the plaintiff.  *See* Monell v. Department of Social Services, 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of §1983, if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff can establish each defendant's "requisite causal connection" either by detailing that defendant's direct, personal participation in an act or omission, or by demonstrating that the defendant knowingly set in motion a series of acts by others that the defendant knew or reasonably should have known would cause the others to inflict constitutional injury on Plaintiff. Id. at 988.  A defendant cannot be liable under § 1983 unless an affirmative link or connection exists between that defendant's actions and the claimed injury to Plaintiff.  May v. Enomoto, 633 F.2d 164, 167 n. 3 (9th Cir. 1980); Johnson, *supra,* 588 F.2d at 743.

**Multiple, Unrelated Claims.** Upon amendment, Plaintiff's complaint, which advances fifteen causes of action, may appropriately be separated into more than one action. "A party asserting a claim, counterclaim, crossclaim, or third-party claim, may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed.R.Civ.P. 18(a). This means that a Plaintiff cannot combine claims in a single action unless each of the multiple claims is against the same defendant(s).

> Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [that a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

As Plaintiff reorganizes his complaint and ties each claim to the relevant defendants, as described above, Plaintiff is advised to evaluate the complaint carefully to determine whether it can properly be maintained as a single action or whether he needs to file two or more complaints to conform to the requirements of Rule 18(a).

**Effect of Amendment.** In the event that Plaintiff elects to file an amended complaint, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997), aff'd, 525 U.S. 299 (1999); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, *supra*, 814 F.2d at 567; *accord* Forsyth, *supra*, 114 F.3d at 1474.

**Based on the foregoing, it is HEREBY ORDERED that**:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff may file an amended complaint (a) incorporating omitted text and exhibits identified by the Court in initial screening and (b) modifying the complaint to conform to applicable provisions of the Federal Rules of Civil Procedure; and

4

3. If Plaintiff fails to file an amended complaint within **thirty (30) days** from the date of service of this order, his complaint will be screened as originally filed.

IT IS SO ORDERED.

**Dated:   June 15, 2009**                             /s/ Sandra M. Snyder
                                                              UNITED STATES MAGISTRATE JUDGE